IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ERICTAVIA DAVIS, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 25-3211-BAH |
| RENTGROW, INC., | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Erictavia Davis ("Plaintiff"), on her own and on behalf of all others similarly situated, brought suit against Defendant RentGrow, Inc. ("RentGrow" or "Defendant") in the Circuit Court for Baltimore City, alleging violations of the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. L. ("CL") § 13-301 et seq. (Count I), the Maryland Consumer Credit Reporting Agencies Act ("MCCRAA"), Md. Code Ann., CL § 14-1201 et seq. (Count II), and requesting declaratory and injunctive relief on behalf of the putative class (Count III). ECF 4. RentGrow filed a notice of removal asserting federal subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). ECF 1. Plaintiff did not file a motion to remand. Pending before the Court are Defendant's motion to seal, ECF 2, and motion to dismiss, ECF 8. Plaintiff filed a response in opposition to the motion to dismiss, ECF 11, and Defendant filed a reply, ECF 14. All filings include memoranda of law.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

stated below, Defendant's motion to seal, ECF 2, is **GRANTED**. Because the Court concludes that Plaintiff lacks Article III standing to bring her claims in federal court, Defendant's motion to dismiss is **DENIED as moot**. The case will be remanded to the Circuit Court for Baltimore City.

## I.   BACKGROUND

Plaintiff alleges that in June of 2024, she applied for an apartment at Volterra Apartments ("Volterra") in Pikesville, Maryland, because she was "fleeing a terrible situation where she was living in a different apartment complex." *Id.* at 4 ¶¶ 13–14. Upon applying, "Volterra informed Plaintiff that [it] require[s] all applicants to consent to a tenant screening report." *Id.* ¶ 15. So "Plaintiff paid an application fee to Volterra" and "provided her name, address, date of birth, and Social Security Number" to Volterra for purposes of ordering the screening report. *Id.* ¶¶ 15–17. On or around June 8, 2024, Volterra ordered Plaintiff's screening report from RentGrow. *Id.* ¶ 18. RentGrow returned Plaintiff's screening report on the same day, which Plaintiff claims contained "inaccurate, incomplete, and materially misleading" information. *Id.* at 5 ¶¶ 19–20. Specifically, Plaintiff alleges that one result in the screening report listed as "Collection from Apartment Community," was, according to Plaintiff, "a reference by Plaintiff's apartment complex to collect rent from her." *Id.* ¶ 21. The screening report "notes that Plaintiff disputed the accuracy of the information." *Id.* Nevertheless, according to Plaintiff, "Volterra followed RentGrow's recommendation and denied Ms. Davis's application, thereby threatening her housing security.". *Id.* ¶ 22.

Plaintiff filed her complaint in state court on August 14, 2025. RentGrow filed a notice of removal pursuant to CAFA on September 26, 2025. ECF 1. RentGrow then filed a motion to dismiss, ECF 8, which is fully briefed and ripe for disposition. *See* ECF 11; ECF 14.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted," and RentGrow rests its dismissal motion on this rule. However, the Court has an independent duty to determine whether it has jurisdiction over the case. *Wells v. Johnson*, 150 F.4th 289, 297 (4th Cir. 2025) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998)). Whether a plaintiff has standing to sue is a threshold inquiry for any lawsuit. *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 597 (2007). "To establish Article III standing, a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58, (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)); see also *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). In assessing standing at the motion to dismiss stage, the court "accept[s] all allegations in the complaint as true and construe[s] those allegations 'in the light most favorable to the plaintiff.'" *Buscemi v. Bell*, 964 F.3d 252, 258 (4th Cir. 2020) (quoting *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017)).

## III.   ANALYSIS

### A.   Motion to Seal (ECF 2)

As an initial matter, the Court addresses the motion to seal. ECF 2. RentGrow asks to seal two documents—its notice of removal and an attached exhibit (Exhibit H)—because both contain "sensitive, confidential business information pertaining to the number of screening reports it has prepared in Maryland over a specific period of time." ECF 2-1, at 2. Local Rule 105.11, which governs the sealing of all documents filed in the record, states in relevant part: "[a]ny motion

3

seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Rule 105.11 balances the public's common law right to inspect and copy judicial records and documents, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), with competing interests that sometimes outweigh the public's right, *see In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Having reviewed the motion, the Court agrees with RentGrow that the redaction of this single fact "impose[s] no burden on the right of public access" to this case. ECF 2-1, at 2. Given the sensitivity of the redacted information, and noting no opposition by Plaintiff or the public, the motion to seal at ECF 2 is **GRANTED.**

### B.    Statutory Background

Part II of the MCCRAA requires a consumer reporting agency[2] to register with the state and file a surety bond or irrevocable letter of credit annually. CL §§ 14-1215 ("A consumer reporting agency shall register each year with the Commissioner [of Financial Regulation of the Maryland Department of Labor] under this subtitle."); 14-1217(a) (requiring "a consumer reporting agency" to "file a surety bond or irrevocable letter of credit" with the Commissioner unless an exemption is granted). Under this Part, "[a] consumer who has reason to believe that this subtitle, or any other law regulating consumer credit reporting has been violated" is granted the right to "file with the Commissioner a written complaint setting forth the details of the alleged violation." CL § 14-1218(a)(1). Part III of the MCCRAA provides that when a consumer reporting agency either willfully or negligently fails to comply with "any requirement under this subtitle.

---

[2] A consumer reporting agency is defined as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties[.]" CL § 14-1201(f)(1).

with respect to any consumer is liable to that consumer" for damages. CL §§ 14-1221(a)–(b). Recovery can include actual damages and attorney's fees and costs. *Id.* Punitive damages, however, are only recoverable for a willful failure to comply. *Id.* § 14-1221(a).

Under the MCPA, any entity doing business in Maryland is prohibited from engaging in any "unfair, abusive, or deceptive trade practices," CL § 13-301, including, as relevant to Plaintiff's complaint, making a "[f]alse, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers," CL § 13-301(1), and failing "to state a material fact if the failure deceives or tends to deceive," CL § 13-301(3). The MCPA also includes a private right of action, but it "is limited to recovery for 'injury or loss sustained.'" *Shadrin v. Hunter Warfield Inc.*, Civ. No. ELH-22-3228, 2023 WL 4664037, at *24 (D. Md. July 19, 2023) (quoting CL § 13-408).

### C.    Motion to Dismiss (ECF 8)

The shortcomings in Plaintiff's allegations were chronicled in the Court's memorandum opinion at ECF 31 in another case filed by Plaintiff and her counsel, *Davis v. Screening Reports, Inc.*, 25-1785-BAH (D. Md. June 5, 2025) (hereinafter "*Screening Reports*"). In *Screening Reports*, Plaintiff alleged that she applied to an apartment complex, Chesapeake Commons, for which she paid an application fee in February of 2024. ECF 1, at 6, in 25-1785-BAH. Chesapeake Commons then ordered a tenant screening report from Screening Reports, Inc. *Id.* at 7. According to Plaintiff, the screening report included "materially misleading" information about her eviction history, causing Chesapeake Commons to reject her application. *Id.* Plaintiff filed the complaint in this Court, alleging violations of the MCPA, MCCRAA, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") against Screening Reports, Inc. *Id.* at 15–18. Plaintiff's MCCRAA and MCPA claims were subsequently dismissed for lack of Article III standing. *See*

5

ECF 31 (memorandum opinion), in 25-1785-BAH; *see also Davis v. Screening Reps., Inc.*, Civ. No. 25-1785-BAH, 2025 WL 3551846 (D. Md. Dec. 11, 2025). Neither party raises any argument regarding standing here; however, the Court concludes that, in accordance with its reasoning in the memorandum opinion in *Screening Reports*, Plaintiff lacks standing to bring her claims in federal court.

With respect to injury-in-fact, Plaintiff's nearly identical claims here and in *Screening Reports* "essentially allege[] mere statutory violations, which do not amount to concrete harm to establish an injury in fact." *Screening Reports*, 2025 WL 3551846, at *5. The first fatal flaw in Plaintiff's complaint is that she "does not allege that she actually paid any fees to" RentGrow, *id.*, but rather "provided her name, address, date of birth, and Social Security Number" and paid an application fee to Volterra, which in turn ordered a tenant screening report from RentGrow. ECF 1, at 4. And while Plaintiff alleges that RentGrow "lack[ed] the mandatory registration and bond," *id.* at 8, she "fails to articulate how the fact that [RentGrow] may have lacked required licensure . . . resulted in an injury to Plaintiff as any application fee was likely owed . . . regardless of the provider [Volterra] chose to perform the tenant screen." *Screening Reports*, 2025 WL 3551846, at *5.

Also as in *Screening Reports*, "Plaintiff fails to tie any claimed injuries to the alleged violations of the MCCRAA and MCPA." *Id.* While she alleges hardship resulting from Volterra rejecting her application which "threaten[ed] her housing security," ECF 4, at 5, "she fails to connect that alleged injury to [RentGrow]'s alleged failure to post a bond or register under the MCCRAA." *Screening Reports*, 2025 WL 3551846, at *5. "At best, Plaintiff articulates that [Volterra]—not Plaintiff—may have relied on [RentGrow]'s purportedly inaccurate claim that it

6

was registered and licensed." *Id.* But "Plaintiff fails to allege her own reliance sufficient to connect the alleged harms she suffered to the conduct" of RentGrow. *Id.*

With respect to Plaintiff's MCPA claim, Plaintiff "fails to allege reliance on any specific misrepresentation or omission by [RentGrow] made to Plaintiff." *Id.* She does not articulate any "deceptive information shared by [RentGrow]," allege that RentGrow actually "claimed it was registered or bonded," or allege that she applied to Volterra and consented to the screening report based on RentGrow's representation that it was licensed or bonded. *Id.* And as in *Screening Reports*, even if Plaintiff's allegation that RentGrow failed "to state the material fact to either landlords or tenants that it never registered or filed a bond," ECF 4, at 8, were an actionable omission under the MCPA, "Plaintiff still fails to claim that she would not have applied for the apartment" at Volterra "'had [RentGrow] disclosed the omitted information.'" *Screening Reports*, 2025 WL 3551846, at *6 (quoting *Bank of Am., N.A. v. Jill P. Mitchell Living Tr.*, 822 F. Supp. 2d 505, 535 (D. Md. 2011)).

Given the similarity between the complaints in the instant case and *Screening Reports*, the Court adopts its reasoning from *Screening Reports* in full and finds that Plaintiff has not established at least two of the three elements of Article III standing here. "Where a federal court finds a case that has been removed from state court . . . does not satisfy the requirements of Article III standing, it is obligated to remand that matter to state court." *Crouse v. First Nat'l Bank of Pennsylvania*, Civ. No. SAG-24-1216, 2024 WL 4007931, at *3 (D. Md. Aug. 30, 2024). Accordingly, this case will be remanded to state court where it was originally filed.

## IV.    **CONCLUSION**

For the foregoing reasons, Defendant's motion to seal, ECF 2, is GRANTED, and Defendant's motion to dismiss, ECF 8, is DENIED as moot. The case will be remanded to the Circuit Court for Baltimore City.

A separate implementing order will issue.

Dated: <u>May 7, 2026</u>

_____/s/_____
Brendan A. Hurson
United States District Judge
